UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

45 WEST 27TH STREET PROPERTIES, LLC
and CAMELOT CASTLE, LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 45 WEST 27TH STREET PROPERTIES, LLC and CAMELOT CASTLE, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a bar/restaurant located at 45 W 27th Street, New York, NY 10001 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## **PARTIES**

4.      Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.      Defendant, 45 WEST 27TH STREET PROPERTIES, LLC, is a Delaware limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 45 WEST 27TH STREET PROPERTIES, LLC, is the owner of the Subject Premises.

6.      Defendant, CAMELOT CASTLE, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, CAMELOT CASTLE, LLC, is the owner/operator of the bar/restaurant "OSCAR WILDE" located at the Subject Premises.

7.      According to the New York State Liquor Authority, the Defendant, CAMELOT CASTLE, LLC, d/b/a OSCAR WILDE, was issued an On Premises Liquor license on May 24, 2023 for the Subject Premises.

8.      Oscar Wilde, located at 45 West 27th Street in New York, NY, is a Victorian-themed bar and restaurant offering a diverse menu of American and Mediterranean cuisine. The establishment features an extensive selection of handcrafted cocktails and an elaborate interior design that includes antique furnishings and New York City's longest bar at 118.5 feet. The Plaintiff appreciates the quality of the offerings and the distinctive ambiance at Oscar Wilde. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the experience, in violation of the ADA.

9. In addition to his personal interest in accessing the offerings of Oscar Wilde, Plaintiff has longstanding ties to the surrounding area, which is part of a vibrant arts corridor that he frequently visits. The neighborhood is home to numerous art galleries and creative spaces that align with Plaintiff's deep engagement in the arts community. Plaintiff often attends performances and exhibitions in the vicinity and regularly spends time nearby with artist colleagues and friends. Plaintiff visits the area often due to its cultural attractions and considers it a meaningful part of his artistic and social life. These connections underscore Plaintiff's legitimate interest in accessing the goods and services offered at Oscar Wilde on equal terms with non-disabled patrons.

## FACTUAL ALLEGATIONS AND CLAIM

10. On or about October 2024, and again on or about March 10, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff, as stated in Paragraphs 8 and, frequents this neighborhood frequently and intends to return regularly to meet with friends and family.

13. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

14. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the

3

rights of others similarly situated.

15. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

16. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17. As the Subject Premises received its State Licensure in 2023, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure

18. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21. On or about October 2024, and again on March 10, 2025, Plaintiff attempted to

access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

23. Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

24. Defendants, 45 WEST 27TH STREET PROPERTIES, LLC and CAMELOT CASTLE, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25. 45 WEST 27TH STREET PROPERTIES, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26. CAMELOT CASTLE, LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various

physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. <u>The Exterior Sidewalk Dining Tables</u> – The dining tables at the exterior sidewalk dining area are inaccessible. Required knee and toe clearance is not provided, and the minimum number of accessible tables is not met in violation of ADAAG 226 and 902.

2. <u>The Exterior Dining Compartment</u> – The exterior dining compartment is inaccessible. No accessible route is provided; the raised floor surface acts as a barrier; no ramp is provided; the dining tables are too high, lack required knee and toe clearance, and do not meet the minimum number of accessible tables; and the travel path within the compartment does not provide the required minimum clear width in violation of ADAAG 206, 226, 402, 403, 902, and 303.

3. <u>The Interior Dining Area Tables</u> – The dining tables in the interior dining area are too high, lack required knee and toe clearance, and do not meet the minimum number of accessible tables in violation of ADAAG 226 and 902.

4. <u>The Interior Window Front Dining Counter</u> – The window front dining counter is too high, lacks required knee and toe clearance and does not provide an accessible portion in violation of ADAAG 226 and 902.

5. <u>The Two Bars</u> – Both bars are too high and do not provide an accessible portion in violation of ADAAG 226 and 902.

6. <u>The Restrooms</u> – An accessible route to the restrooms is not provided; an existing stair flight obstructs access; the handrails at the stairs are non-compliant and lack required extensions; maneuvering clearance is not provided at the door at the top of the stairs; the signage identifying the men's restroom is improperly mounted; the restroom door swings into the lavatory's required floor space; the three lavatories lack required knee and toe clearance; the faucet knobs require twisting of the wrist; the two urinals are mounted too high; the toilet compartments lack minimum door width and maneuvering clearance; the door handles and locks are mounted too high and require pinching; the first compartment lacks required interior space and clearance around the water closet; grab bars are missing on the rear and side walls; plumbing valves are positioned directly behind the toilet seat; and coat hooks are mounted above the allowable reach range in violation of ADAAG 213, 216, 402, 403, 404, 603, 604, 605, 606, 308, and 309.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The

physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29.     Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

32.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises

into full compliance with the ADA and ADAAG by remediating all violations.

33.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

June 23, 2025

Respectfully submitted,

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
641 Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*